[Cite as *State v. Sarno*, 2013-Ohio-5058.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25751 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-1060 |
| v. | : | |
| | : | |
| ANDREW M. SARNO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RICHARD S. SKELTON, Atty. Reg. #0040694, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Andrew Sarno appeals from his conviction and sentence,

following a no-contest plea, for Possession of Cocaine, in an amount equaling or exceeding 20 grams, but less than 27 grams, in violation of R.C. 2925.11(A), a felony of the second degree. Sarno contends that the trial court erred by overruling his motion to suppress evidence obtained following his traffic stop for speeding, because the state trooper who discovered the evidence did not have probable cause for the search until after getting Sarno to step out of his van, and the trooper's reason for getting Sarno out of his van – to conduct field sobriety tests – lacked a sufficient factual basis.

{¶ 2}     We conclude that the trial court did not err.  Even if the factual predicate for Sarno's argument is correct, which the State disputes, we agree with the State that the state trooper could lawfully require Sarno to step out of his van even if the trooper's reason for doing so lacked a sufficient factual basis.  *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); *State v. Evans*, 67 Ohio St.3d 405, 618 N.E.2d 162 (1993).  As soon as Sarno was out of his van, if not before, the trooper smelled the odor of both burnt and raw marijuana, which justified the search of Sarno's van.  Accordingly, the judgment of the trial court is Affirmed.

## I.  Sarno Is Stopped for Speeding

{¶ 3}     State Trooper Kyle Pohlabel was on patrol on a midnight shift in the early morning of April 4, 2012.  He testified that one of his purposes was to look for impaired drivers and get them off the road.

{¶ 4}     Pohlabel saw the van Sarno was driving pass by in the opposite direction at a speed Pohlabel estimated as 50 miles per hour, in a 40-mile-per-hour zone.  Pohlabel used radar

to verify his estimate. The radar reflected Sarno's speed as 49 miles per hour and 47 miles per hour, in two readings.

{¶ 5}     Pohlabel made a u-turn, and followed Sarno. When Sarno turned left on an intersecting road, Pohlabel turned left behind him, turned on his overhead lights, and effected a traffic stop. Pohlabel saw no indication of erratic driving. His only basis for the stop was that Sarno was speeding.

{¶ 6}     Pohlabel testified that as soon as he engaged Sarno on the driver's side of Sarno's van, he could smell the odor of burnt marijuana, and also the odor of an alcoholic beverage. Pohlabel also testified that he has been trained in detecting the odors of burnt and raw (unburnt) marijuana, which he testified are easy to tell apart, because they are distinctly different odors.

{¶ 7}     Pohlabel's cruiser video was admitted in evidence. We have reviewed it. About 30 to 40 minutes after the stop, as Pohlabel was conversing with another officer who had arrived on the scene with a field test kit for cocaine, Pohlabel made some remarks that suggest that he did not smell any odor of marijuana, burnt or raw, until after Sarno got out of the van.

{¶ 8}     In any event, Pohlabel decided to have Sarno get out of his van for the purpose of performing field sobriety tests. The cruiser video reflects that Pohlabel told Sarno this was the reason for his asking Sarno to get out of his van. Pohlabel testified that as soon as Sarno got out of the van, Pohlabel could smell the odor of raw marijuana, in addition to the odor of burnt marijuana.

{¶ 9}     Pohlabel performed the horizontal gaze nystagmus test on Sarno, and found no clues. Because of this negative finding, and the fact that Sarno had not exhibited any other indicia of impairment, Pohlabel abandoned his suspicion of impaired driving. He had Sarno sit

in the back of the cruiser while Pohlabel searched the van.

{¶ 10} During the search, Pohlabel found a plastic baggie containing white powder under an ashtray on the driver's side of the front seat of the van. Later, he found a marijuana pipe containing the residue of burnt marijuana. Sarno denied any knowledge of either item.

{¶ 11} Because Pohlabel did not have a field test kit for cocaine, another state trooper was sent for. Upon the arrival of the other officer, the white powder was tested, and was found to be cocaine. Sarno was arrested.

## II. The Course of Proceedings

{¶ 12} Sarno was charged by indictment with one count of Possession of Cocaine, in an amount equaling or exceeding 20 grams, but less than 27 grams, in violation of R.C. 2925.11(A), a felony of the second degree. He moved to suppress both the evidence obtained as a result of the allegedly unlawful search, and also statements he made.

{¶ 13} Following a hearing, the trial court overruled Sarno's motion to suppress. Thereafter, Sarno pled no contest, was found guilty, and was sentenced to two years in prison. From his conviction, Sarno appeals.

## III. Trooper Pohlabel Was Not Required to Have Any Reason to Require Sarno to Get out of his Van; Therefore, Even if the Reason Pohlabel Gave for Doing So Lacked a Sufficient Factual Basis, He Could Nevertheless Lawfully Require Sarno to Get out of his Van

{¶ 14} Sarno's sole assignment of error is as follows:

THE SEARCH OF MR. SARNO'S AUTOMOBILE VIOLATED HIS

FOURTH AMENDMENT CONSTITUTIONAL PROTECTIONS.

{¶ 15} Sarno concedes that he was lawfully stopped. He argues that Pohlabel had no lawful basis for searching his van until after Pohlabel required Sarno to step out of his van, at which time Pohlabel smelled marijuana for the first time. Sarno argues that because Pohlabel's reason for requiring him to step out of his van was so that Pohlabel could administer field sobriety tests, and because Pohlabel lacked a sufficient factual basis for administering field sobriety tests, Pohlabel's requiring him to step out of his van was unlawful; therefore, Pohlabel's detection of the odor of marijuana, which was the probable cause for the search, was the fruit of the poisoned tree, being the unlawful requirement that Sarno get out of his van.

{¶ 16} The State disputes at least one predicate for Sarno's argument. It contends that we must take as fact that Pohlabel smelled the odor of burnt marijuana even before Sarno got out of his car, since Pohlabel so testified. Sarno contends that this is belied by the conversation between Pohlabel and the other officer at the scene, recorded on the cruiser video, which, according to Sarno, establishes that Pohlabel did not smell any odor of marijuana until after he got Sarno out of the van.

{¶ 17} But the State also argues that it does not make any difference whether Pohlabel first smelled the odor of marijuana before, or immediately after, Sarno got out of the van. We agree.

{¶ 18} The State cites *Pennsylvania v. Mimms, supra,* and *State v. Evans, supra*, for the proposition that an officer who makes a lawful traffic stop may require the occupant of the vehicle to exit the vehicle, whether or not there is some factual predicate for doing so. In *Mimms*, the United States Supreme Court described its holding as follows: "We hold only that

once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Id.* at 111, fn. 6.

{¶ 19} In *State v. Evans, supra*, at 408, the Supreme Court of Ohio held as follows:

*Mimms* merely dispenses with the requirement that the police officer possess reasonable suspicion of criminal activity before the officer may order the driver out of an already lawfully stopped vehicle. Accordingly, the ordering of defendant to get out of his car was proper even if the officers were unable to articulate a reasonable suspicion which prompted this action.

Contrary to the lower court's opinion, the order to step out of the vehicle is not a stop separate and distinct from the original traffic stop. It is so minimal and insignificant an intrusion that the *Mimms* court refused to apply the requirements for an investigatory stop. Unlike an investigatory stop, where the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion," *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906, a *Mimms* order does not have to be justified by any constitutional quantum of suspicion.

{¶ 20} The only arguable distinction that can be made in the case before us is that Trooper Pohlabel offered a reason for ordering Sarno out of his van – to conduct field sobriety tests – which reason Sarno argues lacked a sufficient factual basis. But we know from *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and *Dayton v. Erickson*, 76

Ohio St.3d 3, 665 N.E.2d 1091 (1996), that the lawfulness of a traffic stop does not depend upon the actual motivation of the police officer making the stop, even when the proffered basis for the stop is pretextual; i.e., a lie. *Mimms* and *Evans* treat the ordering of a motorist out of his vehicle during a traffic stop as merely an incident of the stop, requiring no additional justification. Therefore, following *Whren* and *Erickson*, the proffer of an additional justification for ordering a motorist out of his vehicle does not render the order unlawful if the proffered additional justification is found to lack a factual basis.

{¶ 21}  Pohlabel had a lawful basis for the traffic stop.  Sarno concedes as much. Therefore, Pohlabel could lawfully order Sarno out of his vehicle – no additional justification for that order was required.

{¶ 22}  In the trial court, Sarno conceded, appropriately, that once Pohlabel smelled the odor of marijuana, he could lawfully search Sarno's van.

{¶ 23}  Sarno's sole assignment of error is overruled.

### III.  Conclusion

{¶ 24}  Sarno's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Richard S. Skelton
Hon. Barbara P. Gorman